Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BAUER-GRIFFIN, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUER-GRIFFIN, LLC, | Case No. 2:26-cv-7705 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| GAMMA MEDIA HOLDINGS, LLC, VYDIA, INC., DWAYNE ABERNATHY JR. p/k/a DEM JOINTZ, JAHMAL GWIN p/k/a BOOGZDABEAST, KARIM KHARBOUCH p/k/a FRENCH MONTANA, and YE f/k/a KANYE WEST, | *Jury Trial Demanded* |
| *Defendants.* | |

Plaintiff Bauer-Griffin, LLC alleges as follows:

## JURISDICTION

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## NATURE OF THE ACTION

2.    This action is brought to redress the flagrant and deliberate infringement of plaintiff's copyrighted audiovisual work, a well-known video depicting musical

artist Kanye West, as he was then known, accosting a paparazzo by charging at him and shouting "don't take no photos" (the "Video").

3. The volatile confrontation captured in the Video was part of a long history of Mr West skirmishing with paparazzi over perceived violations of his privacy and his desire to be left alone. The Video therefore received extensive media attention in May 2013, when the event it depicts occurred, and was widely featured and reported in news and entertainment media.

4. The Video also drew the attention of several hip-hop artists, who were attracted to Mr West's profanity-laced tirade that was captured by the paparazzo:

West:   Don't take a f*ckin 'nother photo, man!

Pap:    All right, all right, I just got here!

West:   Don't take another f*ckin photo, man!

Pap:    I just got here, homie.

West:   Don't take no photos!

Pap:    Okay.

West:   Stop it!

Pap:    Brother, I …

West:   All of you m*therf*ckers stop it, man!

5. This audio portion of the Video (the "Audio Sample") served as the spark for several different sound recordings, including one mixed, recorded, produced, released, and distributed by defendants. Defendants' record is known as *Where They At* (the "Infringing Record"), by French Montana featuring Westside Gunn and Mr West himself. Without permission or license, or credit to the Video's author or rightsholder, defendants purposefully copied the Audio Sample and used it prominently as the Infringing Record's intro. As used in the Infringing Record, the Audio Sample was immediately recognizable to anyone who heard the song and was familiar with the Video.

COMPLAINT

6. The Infringing Record has been widely distributed on various streaming platforms, in flagrant violation of plaintiff's exclusive rights under copyright laws. Plaintiff brings these claims to vindicate those rights.

## PARTIES

### *Plaintiff Bauer-Griffin*

7. Plaintiff Bauer-Griffin is an entity organized and existing under the laws of the State of California with its principal place of business in Los Angeles, in this judicial district.

8. Bauer-Griffin is a leading celebrity and breaking-news agency, licensing images, video, and stories to magazines, newspapers, and other editorial publishers around the world.

### *Defendants*

9. Defendant Gamma Media Holdings, LLC (stylized as "gamma.") is a media and technology company. According to its website, gamma. was "created to revolutionize the way artists create, distribute, and monetize their content and brand" by "provid[ing] a holistic approach to the creative and economic growth of artists and innovators across music, visual media and tech."

10. On information and belief, gamma. functions (in part) as an independent record label and publisher for musical artists, using the technology platform Vydia to distribute music directly to streaming services.

11. On information and belief, gamma. distributed *Mac & Cheese 5*, the twenty-sixth mixtape of musical artist French Montana. *Mac & Cheese 5* contains the Infringing Record *Where They At*.

12. On information and belief, gamma. is a limited liability company organized under the laws of the State of California and is headquartered in Los Angeles, California.

13. This Court has personal jurisdiction over gamma. because it is a California entity and has its principal place of business in this State.

COMPLAINT

14. Vydia, Inc. is the owner of Vydia, an end-to-end music technology platform that provides independent artists and labels with distribution, content management, rights protection, and royalty payment services. One of the platform's features is that it globally distributes audiovisual content directly to digital service providers ("DSPs") like Spotify, Apple Music, iTunes, and Amazon Music, as well as to video platforms like YouTube and Vimeo. On information and belief, gamma. used the Vydia platform to distribute *Mac & Cheese 5*.

15. On information and belief, defendant gamma. owns defendant Vydia.

16. On information and belief, Vydia is a Delaware company with its principal place of business in New Jersey.

17. This Court has personal jurisdiction over Vydia under California's long-arm statute because the company's contacts with the State are so continuous and systematic that exercising jurisdiction would be consistent with due process.

18. Vydia's contacts with the State of California include: (a) it is registered with the California Secretary of State as a foreign corporation doing business in California; (b) it is owned by gamma., a California company with its headquarters in Los Angeles; (c) on information and belief, it frequently does business with other music labels and artists who reside in or do business in California and with DSPs and video platforms owned by companies that are registered and doing business in California.

19. These contacts are the result of deliberate and intentional conduct purposefully directed toward California, on the part of Vydia, and plaintiff's claims against Vydia arise from those contacts. Given those extensive and purposeful contacts, exercising personal jurisdiction over Vydia would be reasonable and consistent with due process.

20. Defendant Dwayne Abernathy Jr. is a grammy-winning music producer professionally known as Dem Jointz. Mr Abernathy has produced major hits for well-

known musical artists such as Rihanna and Dr. Dre as well as chart-topping K-Pop acts such as aespa, NCT 127, and JENNIE.

21. On information and belief, Mr Abernathy produced the mixtape *Mac & Cheese 5*, including the Infringing Record *Where They At*.

22. On information and belief, Mr Abernathy resides in Los Angeles, California, and therefore this Court has personal jurisdiction over him.

23. Defendant Jahmal Gwin is a grammy-winning music producer and songwriter professionally known as BoogzDaBeast. After gaining prominence as in-house producer for Lupe Fiasco's label 1st and 15th Entertainment, Mr Gwin produced numerous albums for musical artist Kanye West (now known as Ye), including *Yeezus*, *Jesus Is King*, and *Donda*.

24. On information and belief, Mr Gwin produced the mixtape *Mac & Cheese 5*, including the Infringing Record *Where They At*.

25. Mr Gwin's domicile is presently unknown to plaintiff.

26. This Court has personal jurisdiction over Mr Gwin under California's long-arm statute because his contacts with the State are so continuous and systematic that exercising jurisdiction would be consistent with due process.

27. Mr Gwin's contacts with California include: (a) collaborating and producing albums and records for musical artists who reside in and operate out of California; (b) doing business with California companies, including gamma., for the purpose of distributing the albums and records he produces.

28. These contacts are the result of deliberate and intentional conduct purposefully directed toward California, on the part of Mr Gwin, and plaintiff's claims against him arise from those contacts. Given those extensive and purposeful contacts, exercising personal jurisdiction over Mr Gwin would be reasonable and consistent with due process.

29. Defendant Karim Kharbouch is a Grammy-nominated Moroccan-American rapper professionally known as French Montana. Mr Kharbouch is one of

5

COMPLAINT

the world's most successful African-born artists, with several multi-platinum singles and albums. He is perhaps best known for the diamond-certified hit "Unforgettable," released in 2017.

30. Mr Kharbouch is one of the artists who recorded the Infringing Record *Where They At.*

31. On information and belief, Mr Kharbouch is domiciled in Miami, Florida. This Court has personal jurisdiction over Mr Kharbouch under California's long-arm statute because his contacts with the State are so continuous and systematic that exercising jurisdiction would be consistent with due process.

32. Mr Kharbouch's contacts with California include: (a) collaborating on albums and records with musical artists and producers who reside in and operate out of California; (b) doing business with California companies, including gamma., for the purpose of distributing the albums and records he creates.

33. These contacts are the result of deliberate and intentional conduct purposefully directed toward California, on the part of Mr Kharbouch, and plaintiff's claims against him arise from those contacts. Given those extensive and purposeful contacts, exercising personal jurisdiction over Mr Kharbouch would be reasonable and consistent with due process.

34. Defendant Ye, born Kanye Omari West ("Mr Ye"), is an American rapper, songwriter, and record producer who has been listed as one of the greatest rappers of all time and referred to as one of the most prominent artists in hip-hop.

35. Mr Ye is one of the artists who recorded the Infringing Record *Where They At.*

36. On information and belief, Mr Ye resides in Los Angeles, California, and therefore this Court has personal jurisdiction over him.

37. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

///

COMPLAINT

## BACKGROUND FACTS

38.    Bauer-Griffin owns and holds the copyright in the Video, a 45-second audiovisual recording. The first 20 seconds of the Video ("Part I") show Mr Ye, then known as Kanye West, outside a Los-Angeles-area restaurant confronting the videographer, shouting vulgarities and being physically threatening. The remaining 25 seconds of the Video ("Part II") show a pregnant Kim Kardashian, who was dating Mr Ye at the time, walking through a parking garage surrounded by paparazzi taking photographs.

39.    The Video was registered with the U.S. Copyright Office as Registration No. PA 2-579-577.

40.    Without the consent, license, or approval required by copyright law, defendants Mr Abernathy and Mr Gwin, or someone acting on their behalf, at their direction, and/or under their supervision, copied the audio portion of Part I of the Video, created the Audio Sample, then mixed the Audio Sample into the Infringing Record. The Audio Sample comprises approximately the first eight seconds of the Infringing Record.

41.    After finishing production of the Infringing Record, defendants Mr Abernathy and Mr Gwin, or someone acting on their behalf, at their direction, and/or under their supervision, included the Infringing Record on the mixtape *Mac & Cheese 5* and provided it to gamma. for distribution.

42.    Using the Vydia platform, gamma. distributed the *Mac & Cheese 5* mixtape, including the Infringing Record, to DSPs and video platforms across the globe. On information and belief, gamma. also used the Vydia platform to distribute the Infringing Record as a single.

43.    Through the efforts of gamma., using the Vydia platform, the Infringing Record was made available on, and continues to be available on, numerous major DSPs including Spotify, Apple Music, Amazon Music, YouTube Music, Pandora, and SoundCloud, and on the video platform YouTube.

COMPLAINT

44.    Defendants' infringement was blatant and willful. Given Mr Ye's history of numerous confrontations with paparazzi, the Video was highly newsworthy; it received widespread attention by entertainment media such as TMZ, the *New York Daily News*, *E! News*, and *OK!* Magazine. Accordingly, listeners immediately recognized the Audio Sample that begins the Infringing Record as being copied from the Video.

45.    In fact, when *Mac & Cheese 5* was released in February 2024, numerous published reports connected the Infringing Record to the events of May 2013 that are depicted on the Video.

46.    The mixtape *Mac & Cheese 5* was a commercial success, peaking at number 14 on the U.S. Billboard 200 chart, number 2 on the U.S. Independent Albums chart, and number 5 on the U.S. Top R&B/Hip-Hop Albums chart. As a single, the Infringing Record was also popular, having achieved over 4 million streams on Spotify alone, and almost 150,000 views on YouTube.

47.    In the music industry, copyrights are prevalent and well understood. Defendants Mr Abernathy and Mr Gwin are music producers and Mr Kharbouch and Mr Ye are musical artists; based on their extensive experience, they know that copying audio samples for use in a new record requires permission or license.

48.    Likewise, gamma. is a record label and Vydia, Inc. is a music distribution company; those companies were therefore aware of the importance of copyright protection.

49.    Every defendant knew that they needed to have but did not have permission to use the Audio Sample, and/or acted recklessly by copying and using the Audio sample without determining the right to do so.

## CLAIM ONE

**(Copyright Infringement – Against gamma., Vydia, Abernathy and Gwin)**

50.    All prior paragraphs are incorporated into this claim.

51.    Plaintiff is the copyright owner of the protected Video named above in this Complaint. Copyright law protects both the video portion and the audio portion of the Video.

52.    Defendants copied and reproduced the audio portion of the Video without plaintiff's authorization or license, creating an Audio Sample that they included in the Infringing Record, which was distributed worldwide.

53.    The foregoing acts of defendants infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to reproduce and distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

54.    Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work in accordance with 17 U.S.C § 408.

55.    Plaintiff suffered damages as a result of defendants' unauthorized use of the audio portion of the Video. Plaintiff is entitled to recover its actual damages and defendants' profits attributable to the infringement of the Image, under 17 U.S.C. § 504(b).

## CLAIM TWO

### (Vicarious Copyright Infringement – Against Kharbouch and Ye)

56.    All prior paragraphs are incorporated into this claim.

57.    On information and belief, defendants Mr Kharbouch and Mr Ye (together, the "Vicarious Infringers") had the right and ability to control the infringement committed by producers Mr Abernathy and Mr Gwin, by the label gamma., and by the distributor Vydia (collectively, the "Direct Infringers").

58.    On information and belief, the Vicarious Infringers knew of the infringing conduct of the Direct Infringers and did nothing to stop it and indeed condoned it and encouraged it.

59.    The Vicarious Infringers obtained some financial benefit from the infringement of the Direct Infringers in that they earned income from the release and distribution of the Infringing Record. Accordingly, the Vicarious Infringers had an incentive to permit and even encourage infringement by the Direct Infringers.

60.    As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered damages and is entitled to recover its actual damages and the Vicarious Infringers' profits attributable to the infringement of the Image, under 17 U.S.C. § 504(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

A.    For a preliminary and permanent injunction against defendants and anyone working in concert with them from further copying or distributing the Audio Sample and any other portion of the Video, including as part of the Infringing Record;

B.    For an order requiring defendants to account to plaintiff for profits and any damages sustained by plaintiffs arising from the acts of infringement;

C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Audio Sample and the Video used in violation of plaintiff's copyright—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D.    For actual damages and all profits derived from the unauthorized use of the Audio Sample or the Video;

E.    For an award of pre-judgment interest as allowed by law;

F.    For such other and further relief as the Court deems just and proper.

///
///

COMPLAINT

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: July 15, 2026                    Respectfully submitted,

**PERKOWSKI LEGAL, PC**


By:    /s/ Peter Perkowski
         Peter E. Perkowski

         Attorneys for Plaintiff
         BAUER-GRIFFIN, LLC

COMPLAINT